**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OSCAR LUNA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE ESTATE OF J.M IRIGOYEN; J.M. IRIGOYEN aka JEAN MICHEL IRIGOYEN; aka JUAN MIGUEL IRIGOYEN; J.M. IRIGOYEN LAW CORPORATION; and CALFED LAW CORPORATION,<br><br>　　　　Defendants. | **14-cv-955 LJO-GSA**<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

**INTRODUCTION**

On June 23, 2014, Plaintiff, Oscar Luna ("Plaintiff"), a prisoner at the Federal Correctional Institution, Safford Arizona, filed a document entitled "First Amended Verified Complaint to Terminate Trusts and Injunctive Relief" (Hereinafter, "FAC"). (Doc. 1). In the FAC, Plaintiff requests that the Court declare Plaintiff as the true owner of various trust properties he allegedly created with Defendants J.M. Irigoyen, J.M Law Corporation, and CalFed Law Corporation ("Defendants"). The FAC alleges that J.M. Irigoyen has allegedly become legally incompetent and the Madera County Superior Court has authorized the conservator of the

1

estate to take possession of any property owned by Mr. Irigoyen.  Plaintiff seeks to have this Court declare that he is the rightful owner of the trust properties in question.

The FAC seeks to establish diversity jurisdiction pursuant to 18 U.S.C. § 1332 by asserting that Plaintiff is a resident of Mount Graham County, Arizona, and that the Defendants are all residents of the State of California.  The FAC further alleges that the amount in controversy exceeds $75,000.  The Court has reviewed the FAC and it does not appear that jurisdiction in this Court is proper.  Accordingly, the Court issues this Order to Show Cause ("OSC") why the case should not be dismissed for a lack of jurisdiction.

## DISCUSSION

### I.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  To proceed in federal court, Plaintiff's pleading must establish the existence of subject matter jurisdiction. Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc*., 93 F.3d 593, 594 595 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).  There are two bases for federal subject matter jurisdiction: 1) federal question jurisdiction, and 2) diversity jurisdiction.

### *A.    Federal Question Jurisdiction*

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil

2

actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. Here, the FAC does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States. Accordingly, the Court lacks federal question jurisdiction.

### B.     *Diversity Jurisdiction*

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "*citizens* of different states." 8 U.S.C. § 1332. Plaintiff contends that jurisdiction is proper because he is a *resident* of Arizona, and Defendants are *residents* of California. However, the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of *citizenship*, not of *residency*. To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828 (1989). The natural person's state citizenship is then determined by his or her state of domicile, not the state of residence. A person's domicile is his permanent home, where he resides with the intention to remain, or to which he intends to return. *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986); *Kanter v. Warner-Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to

3

return.") A person's residency does not determine citizenship for diversity jurisdiction purposes. *Kanter*, 265 F. 3d at 857. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *See, e.g.*, *Weible v. United States,* 244 F.2d 158, 163 (9th Cir.1957) (Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode).

Although the issue has not yet been addressed by the Ninth Circuit, federal courts typically presume that a prisoner remains a citizen of the state he or she formerly resided in prior to incarceration. *Hall v. Curran*, 599 F. 3d 70 (1st Cir. 2010); *Smith v. Cummings*, 445 F. 3d 1254, 1260 (10th Cir. 2006); *Denlinger v. Brennen*, 87 F. 3d 214 (7th Cir. 1996); *Housand v. Heiman,* 594 F. 2d 923, 925 n. 5 (2nd Cir. 1979) (per curiam); *Jones v. Hadican*, 552 F. 2d 249, 250-251 (8th Cir. 1977); *Stifel v. Hopkins*, 477 F. 2d 1116 (6th Cir. 1973). This presumption, however, is rebuttable. *Stifel v. Hopkins*, 477 F.2d 1116, 1126–27 (6th Cir.1973) ("a litigant will not be precluded from establishing a domicile within a state for purposes of diversity jurisdiction solely because his presence there initially resulted from circumstances beyond his control").

In order to overcome the presumption, a prisoner must offer more than conclusory statements and unsupported allegations. Relevant factors for the district court to consider include 'the possibility of parole ..., the manner in which [he] has ordered his personal and business affairs, and any other factors that are relevant to corroboration of [the prisoner's] statements." *Stifel*, 477 F.2d at 1126–27. "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." *Garcia Perez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004).

Here, the Court takes judicial notice that Plaintiff was convicted of Conspiracy to Distribute Methamphetamine and Aiding and Abetting in violation of 21 U.S.C. §§ 846, 841(a)(1) and § 2; and Conspiracy to Distribute Marijuana and Aiding and Abetting in violation of 21

U.S.C. §§ 846, 841 (a)(1) and 18 U.S.C. § 2, in this Court on November 14, 1996. *USA v. Oscar Luna*, 1:95-cr-5036 AWI. Additionally, all of the trust properties identified in the FAC are located in California. It also appears the properties may relate to Plaintiff's practice of law in California prior to his conviction. These facts suggest that Plaintiff was a citizen of California before he was incarcerated. Accordingly, Plaintiff must address these issues in his response to this OSC. Plaintiff is advised that if the Court determines that he is a citizen of California, diversity jurisdiction is not established since the Defendants also appear to be citizens of California.

Finally, given that there is a pending state court proceeding in the Madera County Superior Court, Plaintiff shall advise this Court of the case number of that proceeding, whether he has filed any claims in that court related to the issues raised in the FAC, as well as the status of any of claims raised.

## CONCLUSION

It is hereby ordered that Plaintiff shall respond in writing to this Order to Show Cause addressing the issues raised above no later than **September 2, 2014**. *Plaintiff is advised that failure to file a timely response as required will result in dismissal of this action for lack of subject matter jurisdiction.*

IT IS SO ORDERED.

Dated:  **July 18, 2014**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE