UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR LUNA, <br><br> Plaintiff, <br><br> v. <br><br> THE ESTATE OF J.M. IRIGOYEN; J.M. IRIGOYEN aka JEAN MICHEL IRIGOYEN; aka JUAN MIGUEL IRIGOYEN; J.M. IRIGOYEN LAW CORPORATION; and CALFED LAW CORPORATION, <br><br> Defendants. | 1:14-cv-00955 LJO GSA <br><br> MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (Doc. 10) |

## I. INTRODUCTION

Oscar Luna ("Plaintiff"), a prisoner in federal custody, is proceeding pro se in his complaint against the Estate of J.M. Irigoyen, J.M. Irigoyen, J.M. Irigoyen Law Corporation, and Calfed Law Corporation ("Defendant"). Plaintiff's complaint asks the Court to dissolve several trusts and return trust property to Plaintiff. Defendant moves for the complaint to be dismissed for lack of subject matter jurisdiction. Doc. 10. For the reasons discussed below, this Court GRANTS Defendant's Motion.

## II. PROCEDURAL HISTORY

Plaintiff filed a complaint on June 19, 2014 and an amended complaint on June 23, 2014. Docs. 1 and 6. On July 18, 2014, assigned Magistrate Judge Gary S. Austin ordered the Plaintiff to show cause why the case should not be dismissed, specifically orderinig that the issue of subject matter jurisdiction and diversity of citizenship be addressed.[1] Doc. 9. Defendant filed a motion to dismiss for lack of

---

[1] In the order to show cause why the case should not be dismissed for lack of subject matter jurisdiction, Magistrate Judge Austin also requested information about a state case Plaintiff mentions in his pleadings. In response, Plaintiff indicated that he could not comply with this aspect of the order to show cause because the warden of the prison in which he is currently housed is not allowing him access to the relevant legal materials. The Court only notes this contention here to make it absolutely clear that Plaintiff's claimed lack of access to his legal materials has nothing to do with his ability to prove domicile in Arizona, the critical issue in the present motion.

subject matter jurisdiction, the Court may Document Plaintiff's opposition to the motion to dismiss on August 18, 2014. Doc. 16.

### III. FACTUAL BACKGROUND

After being convicted of one count of conspiracy to distribute methamphetamine and one count of conspiracy to distribute marijuana, Plaintiff was sentenced to 360 months in federal custody. In or about March 1997, Plaintiff was assigned to the custody of the Authority of the Bureau of Prisons, Tucson USP, Safford Arizona. Doc. 10 at 2. In August 1998, Plaintiff transferred possessory lease rights to the commercial property where Plaintiff's law office had been located to Defendant J.M. Irigoyen. Plaintiff also sold Defendant Irigoyen his office furniture, the phone number to Plaintiff's former law office, as well as the goodwill of his former practice. Doc. 6 at 4. The proceeds from these transactions were to be held in several revocable living trusts to which Defendant was a trustee. The trusts were terminable when any of Plaintiff's children became lawyers, at Plaintiff's oral termination or his death, or at the death, legal incompetency or bankruptcy of Defendant. Doc. 6 at 4. Using trust funds, Defendant purchased four automobiles to be used by Plaintiff and his family. All four cars were registered in California. Doc. 6 at 5-7.

Plaintiff requested the termination of the trusts on or before April 13, 2014. Doc. 6 at 7. Furthermore, Plaintiff asserted Defendant was deemed legally incompetent in April 2014 therefore the trust should have been terminated. Doc. 6 at 2.

### IV. ANALYSIS

Parties may assert a lack of subject matter jurisdiction in response to a pleading. Fed. R. Civ. P. 12(b)(1). A court has a similar responsibility to dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and can only adjudicate those cases which are authorized by the United States Constitution and Congress.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

Here, Plaintiff asserted federal jurisdiction based on diversity of citizenship. Doc. 6 at 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between citizens of different States." 28 U.S.C. § 1332. Defendant is a citizen of California. Plaintiff contends that he is a resident of Arizona. However, a "natural person's state of citizenship is…determined by [his] state of domicile, not [his] state of residence.…A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

As the party asserting diversity jurisdiction, Plaintiff bears the burdening of proving the parties' domiciles to establish complete diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Furthermore, although the Ninth Circuit has not yet adopted this standard,[2] the majority of Federal Courts of Appeal have adopted a rebuttable presumption that a prisoner retains residency in the place where he lived prior to incarceration for the purposes of diversity jurisdiction. For example, the Eighth Circuit held:

> While retaining the usually valid presumption that a prisoner retains his pre-incarceration domicile, it is sufficiently flexible to allow a prisoner to show truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration…however, a prisoner must still introduce more than unsubstantiated declarations to rebut the presumption that he retains his pre-incarceration domicile.

*Jones v. Hadican,* 552 F.2d 249, 251 (8th Cir. 1977 )( adopting the standard set forward in *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973)). To rebut the presumption, courts have looked to a variety of factors including, "the prisoner's declaration of intention, the possibility of parole…the manner in which [he] has ordered his personal and business transactions, and any other factors that are relevant to corroboration of [the prisoner's] statements." *Smith v. Cummings,* 445 F.3d 1254, 1260 (10th Cir. 2006). *See also Hall v. Curran,* 599 F.3d 70, 72 (5th Cir. 2010)("In order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported allegations. No

---

[2] The Ninth Circuit has yet to address "whether a prisoner can establish domicile in his place of incarceration for purposes of federal diversity jurisdiction." *U.S. v. Arango,* 670 F. 3d 988, 997 n. 7 (9th Cir. 2012).

3

single factor is dispositive. The analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature.")(internal citation and quotation marks omitted).

When determining domicile in other instances, the Ninth Circuit has looked to intention as shown by factors including, "current residence; voting registration and practices; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder,* 572 F.3d 619, 624-25 (9th Cir. 2009). Although many of these factors are not relevant to Plaintiff, he fails to show any ties to Arizona aside from his forced residency there. The only relevant evidence Plaintiff provided concerning his domicile is his own declaration in which he claims to be domiciled in Arizona. Plaintiff does not indicate therein his intent to remain in Arizona after his incarceration. Doc. 16 at 2 ("Nor can I plan where home will be 8 years from now when I will be 65."). Indeed, the property at issue in this dispute is located in California, the automobiles at issue are registered in California, and Plaintiff's family is located in California. Doc. 6. Having failed to overcome the presumption that he does not continue to be a citizen of the state in which he was domiciled prior to his incarceration, Plaintiff fails to establish diversity of citizenship. Without diversity of citizenship, this Court does not have subject matter jurisdiction and Plaintiff's complaint must be DISMISSED. Because Plaintiff was warned in an order to show cause that diversity jurisdiction was in doubt and he nonetheless failed to establish domicile in Arizona, this dismissal is WITHOUT LEAVE TO AMEND.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS WITHOUT LEAVE TO AMEND Defendant's motion to dismiss Plaintiff's action for lack of subject matter jurisdiction.

**SO ORDERED**
**Dated: August 28, 2014**

          **/s/ Lawrence J. O'Neill**
          **United States District Judge**